IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Rose Markakos,** ) | |
|       **Plaintiff,** ) | |
| ) | No. 19 C 7723 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| **Medicredit, Inc.,** ) | |
|       **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion to dismiss [20] is granted. Plaintiff has 14 days from the date of entry of this order to amend her FDCPA claim based on the differing debt amounts in the two letters.

## STATEMENT

Plaintiff sues defendant Medicredit, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). According to Plaintiff, on or about July 16, 2019, Medicredit sent her a letter seeking to collect $1,830.56 on behalf of a creditor identified as "Northwest Community 2NDS" for medical services allegedly performed on May 6, 2017. On August 5, 2019, less than 30 days late, Plaintiff, through counsel, sent Medicredit a letter indicating that the debt was disputed and asking Defendant to cease contact. The letter was delivered on August 7, 2019. On or about August 17, 2019, Medicredit sent another letter to Plaintiff, through her counsel, stating that it had received the dispute, was investigating the matter and needed additional information from Plaintiff, and asked her to call Medicredit. The letter further stated, "Please be aware that if the additional information is not provided in a timely manner, you may be held responsible for the full balance due." The letter contained the same reference numbers and the same date of alleged service, but listed a different amount owed of $407.00. Plaintiff alleges that Medicredit violated the FDCPA by stating inconsistent amounts for the debt; identifying the creditor in its initial letter as "Northwest Community 2NDS"; failing to cease collection communications until the debt was verified; and suggesting in the second letter that Defendant's obligation to verify the debt was conditioned on the provision of additional information.

Medicredit moves to dismiss the complaint on several grounds. It first argues that Plaintiff fails to allege facts supporting its assertion that Medicredit's identification of the creditor was deficient. The FDCPA provides that a debt collector shall "send the consumer a written notice containing . . . the name of the creditor to whom the debt is owed." 15 U.S.C. §1692g(a)(2). According to Plaintiff, Northwest Community 2NDS is not the legal name, part of the legal name, the common name, or the acronym of any entity organized or authorized to do business in Illinois. But even assuming Plaintiff's assertion is correct, she fails to cite any

authority for the assertion that a legal name, common name, or acronym of an entity authorized to do business in Illinois is required under the FDCPA. The Seventh Circuit has "long interpreted § 1692g to require that the mandatory disclosures be made so that they would be clearly understood by unsophisticated debtors." *Steffek v. Client Servs., Inc.*, 948 F.3d 761, 764 (7th Cir. 2020). Plaintiff does not allege that she did not clearly understand the name of the creditor. Indeed, her August 5, 2019 response to the first collection letter, which she attaches to her complaint, states that she did not owe the debt due to, in part, "inadequate care." Plaintiff could not have challenged the level of care if she did not know who the creditor was. Because Plaintiff has failed to state a claim that the name of the creditor was deficient, the Court grants the motion to dismiss as to this ground for relief.

Medicredit next seeks to dismiss Plaintiff's claim that its second letter was improper under § 1692g(b), which states that if a consumer disputes a debt, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt" and sends it to the consumer. Plaintiff alleges that after she disputed the debt, Medicredit sent her a second letter, through her lawyer, stating that it was "currently investigating" the dispute and "need[ed] additional information," and that "if the additional information was not provided in a timely manner, [Plaintiff] may be held responsible for the full balance due." According to Plaintiff, this communication constituted an additional attempt to collect a debt in violation of the FDCPA. Medicredit asserts that there are five problems with Plaintiff's position. The Court starts with Medicredit's challenge to Plaintiff's standing, in which it argues that Plaintiff lacks standing because she failed to allege that she ever saw the letter. "In order to establish Article III standing, a plaintiff must establish that she '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Gritters v. Ocwen Loan Servicing, LLC*, No. 14 C 916, 2018 WL 1784134, at *4 (N.D. Ill. Apr. 13, 2018). "[T]he fact that Congress has authorized a plaintiff to sue a debt collector who fails to comply with any requirement [of the Fair Debt Collection Practices Act] . . . does not mean that [a plaintiff] has standing." *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019) (internal quotation marks and citation omitted). Plaintiff "must show that the violation harmed or presented an 'appreciable risk of harm' to the underlying concrete interest that Congress sought to protect." *Id.* (internal quotation marks and citation omitted).

Plaintiff asserts that "[h]ere, the underlying concrete interest [Congress sought to protect] is being accurately informed of the current owner of the debt and its amount." (Pl.'s Resp., Dkt. # 28, at 13.) Plaintiff's failure to address the statement at issue – that she may be held responsible for the full amount due if she fails to provide the requested information – dooms her position. Her entire discussion of standing addresses only an injury related to a debt collector misstating the current owner or amount of the debt.[1] Plaintiff's notable failure to discuss the purported injury resulting from the statement in Medicredit's second letter is likely due, at least in part, to the fact that she does not allege that she even saw the letter, which was directed to her

---

[1] It is worth noting that when Plaintiff states in her response brief that she was "injured," the quotation marks are hers.

lawyer.[2]  Similar facts led the *Casillas* court to conclude that a plaintiff lacked standing to sue under the FDCPA because she "did not allege that she even read the disclosure [as it was sent to her lawyer], much less that she relied on it to her detriment."  926 F.3d at 335.  The Court sees no basis on which to come to a different conclusion in this case.

Even if Plaintiff has standing, she fails to state a claim regarding the relevant statement in the second letter.  As noted by the Seventh Circuit, "a debt collector should be able to communicate freely and directly with counsel upon notification that a debtor is properly represented. Then, as occurred in this case, the attorney can review the correspondence and take any steps necessary."  *Bravo v. Midland Credit Mgmt., Inc.*, 812 F.3d 599, 602 (7th Cir. 2016).  Thus, whether the statement at issue in the second letter is considered an attempt to collect a debt, it provides no basis for this FDCPA claim because the letter was sent to her lawyer.  *Id.* at 602 (rejecting the plaintiff's position that "a debt collector may contact the attorney [after a debt has been disputed], but not to demand payment of the debt from the consumer"). *See also Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934-36 (9th Cir. 2007) ("[A] collection effort must be aimed directly at the consumer himself to be prohibited by § 1692g(b)."); *Zaborac v. Phillips & Cohen Assocs., Ltd.*, 330 F. Supp. 2d 962, 967 (N.D. Ill. 2004) ("It would be extraordinarily bizarre to accept [the plaintiff's] contention that Section 1692g(b) somehow bars what Section 1692c(a)(2) specifically directs," which is subsequent communication by a debt collector with a debtor's lawyer.)  Because the Court finds that dismissal is appropriate on the grounds stated, it does not address Defendant's other bases for relief.  The motion to dismiss the § 1692g(b) claim is granted.

Finally, Medicredit argues that Plaintiff's claim that it violated the FDCPA by stating inconsistent amounts of debt in the two letters must be dismissed because Plaintiff does not have standing to assert this claim and fails to allege facts in support.  Even assuming the amount in the either letter was false or misleading because it was different from the amount stated in the other letter, Plaintiff does not allege or assert that she saw the second letter or suffered any injury as a result of the differing amounts.  Thus, for the same reason identified in *Casillas* and discussed above, Plaintiff lacks standing to pursue this claim.[3]

---

[2] Despite Medicredit's assertion in its motion to dismiss that Plaintiff lacked standing because she did not allege that she saw the second letter, Plaintiff fails to indicate in her response that she, in fact, saw the letter.  *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, No. 06 C 3972, 2006 WL 8441051, at *2 (N.D. Ill. Dec. 14, 2006) ("Defendant's factual challenge to plaintiff's standing shifted the burden to plaintiff to come forward with competent proof that [the plaintiff] had standing.").

[3] The Court notes that were this claim to proceed, the issue of the inconsistent amounts would be subject to the "competent lawyer" standard, and Plaintiff would be required to "come forward with evidence beyond the letter and beyond h[er] own self-serving assertions that the letter is confusing in order to create a genuine issue of material fact for trial." *Washington v. Portfolio Recovery Assocs., LLC*, 211 F. Supp. 3d 1041, 1050 (N.D. Ill. 2016) (granting summary judgment to the defendant on claim that a statement regarding the potential imposition of late fees was confusing because the plaintiff did "not come forward with any extrinsic evidence, such

      For the reasons stated, Defendant's motion to dismiss is granted. To the extent she is able to do so in accordance with Federal Rule of Civil Procedure 11, Plaintiff has 14 days from the date of entry of this order to amend her FDCPA claim based on the differing debt amounts in the two letters.

**Date:** April 24, 2020

                                             **Ronald A. Guzmàn**
                                             **United States District Judge**

---

as a survey, indicating that [the debt collector's] statement concerning late fees would be confusing to a competent attorney").