IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Rose Markakos,** | ) |
|     **Plaintiff,** | ) |
| | )    **No. 19 C 7723** |
| **v.** | ) |
| | )    **Judge Ronald A. Guzmán** |
| **Medicredit, Inc.,** | ) |
| | ) |
|     **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

    For the reasons stated below, Defendant's motion to dismiss or strike the second amended complaint [38] is granted. Civil case terminated.

## STATEMENT

    The Court assumes familiarity with the facts of this Fair Debt Collection Practices Act ("FDCPA") case and the Court's order dated April 24, 2020, dismissing the first amended complaint. That order granted Plaintiff leave to file an amended complaint, but only as to the claim alleging that Defendant's two letters indicating different debt amounts violated the FDCPA. Plaintiff's second amended complaint realleged all her claims. Defendant moves to dismiss or strike the claims that were previously dismissed as well as the repleaded claim regarding the two different debt amounts.

    To the extent Plaintiff has realleged the claims previously dismissed in order to preserve them for appeal, they are again dismissed for the reasons cited in the Court's April 24, 2020 order and, to the extent relevant, this order. With respect to the claim based on the different amounts stated in the two letters sent by Defendant to Plaintiff, Plaintiff again fails to demonstrate any injury, and therefore, lacks standing. To establish standing, Plaintiff must "show that the violation harmed or 'presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect [under the FDCPA].'" *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019). Plaintiff contends that Defendant violated §§ 1692g(a)(1)-(2), 1692e, 1692e(2), and 1692e(10) of the FDCPA when it sent letters with two different debt amounts. "The [FDCPA] seeks to protect debtors from 'the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.'" *Id.* (citation omitted). "Section 1692g serves this end by giving debtors a way to dispute or verify their supposed debts," *id.*, while "§ 1692e broadly prohibits a debt collector from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011) (citation omitted).

    Plaintiff alleges that she was confused by different debt amounts in the two letters, but does not allege a harm or appreciable risk of harm to the protections Congress sought to provide under

the relevant sections of the FDCPA—here, allowing debtors to dispute a debt and eliminating false, deceptive, and misleading representations by a debt collector. The fact that the debt amount in the second letter was different from that in the first did not prevent Plaintiff from disputing the debt. Moreover, to the extent Plaintiff contends that the varying amounts caused confusion or constituted a deceptive or misleading representation, she fails to allege a concrete injury from the alleged false statement. This is particularly true because while Plaintiff attests that she saw the letter, it was sent to her lawyer, who, as discussed below, could have sought clarification on Plaintiff's behalf.[1]

Even assuming arguendo that Plaintiff has standing, the second letter does not constitute an attempt to collect a debt. *See Miller v. Medicredit, Inc.*, No. 3:18-CV-00603 (DJN), 2019 WL 6709388, at *6 (E.D. Va. Dec. 9, 2019) (concluding that two verification letters sent by Medicredit, one stating that additional information was needed from the debtor, as does the second letter in the instant case, were not efforts to collect debts and therefore could not "give rise to the FDCPA violations alleged by" the plaintiff). Because the second letter was not an effort to collect a debt, its contents cannot provide the basis for an FDCPA violation. And, even if the second letter constituted an effort to collect a debt, Plaintiff's lawyer would not have been confused or misled by it. *See Gomez v. Cavalry Portfolio Servs., LLC*, --- F.3d ----, No. 19-1737, 2020 WL 3396724, at *3 (7th Cir. June 19, 2020) ("Lawyers often receive and critically evaluate demands against their clients. They have the resources to determine for themselves whether those demands are valid. If the plaintiffs' lawyer doubted the propriety of the figure mentioned in the verification letter, he could have followed up with [the debt collector] or advised his clients not to pay the [amount in question], which the first two letters showed had been included."); *see also Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) ("Where an attorney is interposed as an intermediary between a debt collector and a consumer, we assume

---

[1] The Supreme Court has advised that in determining whether a plaintiff has suffered an injury based on a statutory violation, a court should "analogize [statutory violations] to harms recognized by the common law," and should "look for a 'close relationship' in kind, not degree." *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 462 (7th Cir. 2020) (citation omitted). Here, Plaintiff alleges that her confusion from the different debt amounts aligns with the common law claim for misrepresentation. But, as noted, Plaintiff was not misled because the letter was sent to her lawyer, and he could have sought an explanation from Defendant. Moreover, confusion alone is not actionable at common law. Misrepresentation requires reliance, and Plaintiff fails to plausibly allege that she relied on the different amounts to her detriment.

the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior.").[2]

For the reasons stated above, Plaintiff's second amended complaint is dismissed. Civil case terminated.

**Date**: July 13, 2020

**Ronald A. Guzmàn**
**United States District Judge**

---

[2] Plaintiff asserts that the Court indicated in its April 24, 2020 order that it would dismiss the amended claim unless Plaintiff came forward with a survey. In its response to the motion to dismiss the amended complaint, Plaintiff states that it "has no intention of producing a survey, so the Court effectively informed Plaintiff that it was going to dismiss the amended claim it was granting Plaintiff leave to file." This is not a correct representation of the Court's footnote—the Court simply indicated that a survey would be necessary based on the relevant caselaw. Ultimately, however, whether a survey is necessary is irrelevant, as the Court has concluded that Plaintiff's claims fail for the reasons stated above and in its prior order.